(77 South. 429)

BURNS v. CLINE.   (7 Div. 439.)

(Court of Appeals of Alabama.   Dec. 18, 1917.)

1. BAILMENT ⬤═16 — "CONVERSION" BY BAILEE.

Ordinarily a bailee's use of a chattel in a different way or to a greater extent than authorized constitutes a "conversion" for which trover may be maintained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

2. BAILMENT ⬤═31(1) — CONVERSION BY BAILEE—BURDEN OF PROOF.

In action for conversion against a bailee for misusing an article, plaintiff has the burden of proof.

3. APPEAL AND ERROR ⬤═1061(4)—HARMLESS ERROR—INSTRUCTIONS.

Any error in giving an affirmative instruction for defendant as to one count is harmless where plaintiff could have proved the same facts under other counts.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by H. T. Burns against A. R. Cline. Judgment for defendant, and plaintiff appeals. Affirmed.

H. T. Burns, of Wedowee, for appellant. R. J. Hooten, of Wedowee, for appellee.

BRICKEN, J.   This suit was brought by H. T. Burns (appellant) against A. R. Cline to recover damages for the conversion of a horse. The contention of the plaintiff is that he hired his horse to the said Cline for a certain time and for a certain purpose, and that the defendant had converted said animal, in that he used the horse for a longer time and for a different purpose, and as a result of the alleged use of the horse in violation of the terms of the bailment the horse was injured and finally died, resulting in damage to plaintiff for the amount sued for, etc.

The defendant insisted, and his testimony tended to show, that he hired said horse from the plaintiff for $1 per day, for as long as he wanted the animal, and that he used it for the purpose for which it was hired, and that the horse was in good condition when he was delivered back to plaintiff. It appears from the evidence that the horse died in 16 or 17 days after it was returned to plaintiff by the defendant. There were several counts in the complaint, and this appeal is predicated upon one assignment of error only, which is that the lower court erred in giving the affirmative charge requested by the defendant in writing as to count 3 of the complaint, which was a simple count for conversion.

[1, 2] The general rule is that, if a bailee having authority to use a chattel in a particular way uses it in a different way or to a greater extent than authorized, such unauthorized use is a conversion of the chattel for which the bailor may maintain an action of trover for its value. The burden of proof where a conversion for misuse is relied upon for recovery is upon the plaintiff, just as it is in any other action for a conversion.

[3] The gravamen of counts 1, 4, and A of the complaint is conversion of the horse by the using of him in a way in violation of the terms of the agreement under which the defendant acquired possession of the animal, and upon these counts the case was submitted to the jury. It follows, therefore, that

If the giving of the affirmative charge for defendant as to count 3 of the complaint is error, it is necessarily error without injury, as the plaintiff under counts 1, 4. and A had all the advantage he could have received under count 3 of the complaint, as every element necessary to prove conversion could have been proven under these counts. There appears no error in the record, and the judgment of the lower court is affirmed.

Affirmed.